IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CYNTHIA K. MILLER,<br><br>                    Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, COMMISSIONER,<br>SOCIAL SECURITY ADMINISTRATION,<br><br>                    Defendant. | MEMORANDUM DECISION AND<br>ORDER ADOPTING<br>REPORT AND RECOMMENDATION<br><br>Case No. 2:14-cv-00558-DN-DBP<br><br>District Judge David Nuffer |

Defendant Carolyn W. Colvin ("Commissioner") filed an Objection[1] to the Report and Recommendation ("R & R") issued on December 2, 2015.[2] The R & R recommends remand of the ALJ's decision denying Plaintiff Cynthia K. Miller's claim for Disability Insurance Benefits and Supplemental Security Income under Title II and Title XVI of the Social Security Act ("Act").[3] For the reasons discussed below, the court OVERRULES the objection and ADOPTS the R & R. The case is REMANDED to the Commissioner.

## BACKGROUND

Miller's appeal of the Commissioner's final decision denying benefits was referred to Magistrate Judge Dustin B. Pead under 28 U.S.C. § 636(b)(1)(B).[4] Magistrate Judge Pead recommended the Commissioner's decision be remanded for further consideration.[5] The Commissioner filed an Objection, which is limited to a single issue. Miller did not file a response to the Commissioner's Objection.

---

[1] Defendant's Objection to the Report and Recommendation of the Magistrate Judge ("Objection"), docket no. 36, filed December 11, 2015.

[2] Docket no. 35.

[3] 42 U.S.C. §§ 401–33 and 1381–85.

[4] *See* Docket Text Order Referring Case, docket no. 8, filed August 26, 2014.

[5] R & R at 12.

**STANDARD OF REVIEW**

Under 28 U.S.C. § 636(b)(1)(C), when a party files an objection to the R & R, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. [The district judge] may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."[6] Under de novo review, this court will review the Commissioner's decision to determine whether it is supported by substantial evidence and whether the correct legal standards were applied.[7] But the court will not reweigh the evidence or substitute its judgment for the Commissioner's.[8]

**DISCUSSION**

Magistrate Judge Pead found that the "ALJ[] failed to address lay witness Cameron Larson's testimony[,]" and such a failure, according to the Tenth Circuit, requires remand.[9] The Commissioner argues that "the Magistrate Judge mistakenly finds the ALJ did not consider evidence in the record and misapplies the harmless error rule."[10] The Commissioner acknowledges that "[t]he ALJ did not mention Mr. Larson's testimony[,]" but she contends that the ALJ "did consider it. In fact, [the ALJ] wrote that she carefully considered the entire record in determining Plaintiff's residual functional capacity."[11] The Commissioner argues that "[t]he Court should take the ALJ at her word."[12]

---

[6] 28 U.S.C. § 636(b)(1)(C).

[7] *See Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).

[8] *Id.*

[9] R & R at 11 (citing *Blea v. Barnhart*, 466 F.3d 903, 914–15 (10th Cir. 2006)).

[10] Objection at 1.

[11] *Id.* at 2.

[12] *Id.*

The Commissioner also maintains that the Magistrate Judge is incorrect in finding that the ALJ's oversight was not harmless error. According to the Commissioner, "[t]he Magistrate Judge applied the wrong standard. The question is not whether the Commissioner can show the ALJ would not have given weight to the testimony had she given it more consideration. Instead, the question is whether Plaintiff has shown harm."[13] The Commissioner points out that [t]he applicable law is that Plaintiff has the burden to show any error harmed her."[14] The Commissioner states that "Plaintiff did not show harm. The ALJ considered Plaintiff's testimony and found her not credible. As Mr. Larson's statement was similar to Plaintiff's and the ALJ found Plaintiff was not entirely credible, any error was harmless."[15] The Commissioner further points out that *Blea v. Barnhart*[16]—a case the Magistrate Judge relies upon for his decision to remand—"does not require remand in this case."[17] The Commissioner states that the facts in *Blea* are different from the present case.[18] For example, the panel in *Blea* did not consider whether the ALJ's error in not considering lay testimony was harmless. Also, the Commissioner contends that "it is not clear that the ALJ in *Blea* stated that had considered all of the evidence."[19]

The essential facts of this case are similar to the facts in *Blea*. In *Blea*, the ALJ failed to discuss or consider the lay testimony of the Plaintiff's wife.[20] Specifically, the ALJ's decision failed to mention any of the particulars of the testimony of Plaintiff's wife, and failed to mention

[13] *Id.* at 3.

[14] *Id.*

[15] *Id.*

[16] *Blea v. Barnhart*, 466 F.3d 903, 914–15 (10th Cir. 2006).

[17] Objection at 4.

[18] *Id.* at 5.

[19] *Id.* at 4–5.

[20] *Blea*, 466 F.3d at 915.

the fact that the wife testified regarding the nature and severity of her husband's impairments. The Commissioner argued there was no reversible error because the ALJ is not required to make written findings about each witness's credibility. The Tenth Circuit found that "the ALJ's refusal to discuss why he rejected her testimony violates our court's precedent, and requires remand for the ALJ to incorporate Mrs. Blea's testimony into his decision."[21] Thus, according to *Blea,* the ALJ should at least indicate in his decision that he has considered each witness' testimony.

In the present case, the ALJ did not discuss Mr. Larson's statements or refer to it in any other way in the written decision. The Commissioner argues that the ALJ did not err because she was not required to specifically discuss all of the evidence. As *Blea* indicates, however, the ALJ is not required to make specific written findings regarding the credibility of witnesses only if the written decision reflects the ALJ considered the witness's testimony.[22] A blanket assertion by the ALJ that she considered the "entire record" is insufficient to meet the Tenth Circuit *Blea* standard.

The ALJ's failure to consider Mr. Larson's statements is not harmless error. As the Magistrate Judge correctly points out, during the relevant time period Mr. Larson was in a unique position to observe Plaintiff's symptoms on a daily basis because he lived with Plaintiff prior to her alleged onset of disability date and continuing through the time of the hearing.[23] Mr. Larson's statements are probative because they corroborate Plaintiff's claims regarding the intensity, persistence, and limiting effects of her symptoms.[24] Specifically, Mr. Larson's statements regarding the frequency, duration and expected days of incapacitation as a result of

---

[21] *Id.*

[22] *Id.*

[23] R & R at 12 (citing docket no. 18, Supplement to Administrative Record ("Tr. ___) 1077).

[24] Tr. 1078–80.

Plaintiff's headaches and other pains support Plaintiff's symptom allegations. Although there may be reasons to discount Mr. Larson's statements, that analysis of the weight that should be accorded these statements is the province of the ALJ. Accordingly, the ALJ erred when she failed to indicate in her written decision that she had considered Mr. Larson's statements. The remedy for this error is remand so the ALJ may properly consider Mr. Larson's statements.[25]

## CONCLUSION

After review of all relevant materials de novo, IT IS HEREBY ORDERED that the Commissioner's Objection[26] to the R & R is OVERRULED and the R & R is ADOPTED in its entirety. The case is REMANDED to the Commissioner. On remand, the Commissioner should consider Mr. Larson's testimony.

The Clerk shall close the case.

Dated March 21, 2016.

BY THE COURT:

David Nuffer
United States District Judge

---

[25] *See* B*lea, 466 F.3d at 915* (citing B*aker v. Bowen,* 886 F.2d 289, 291 (10th Cir.1989) ("[W]here the record on appeal is unclear as to whether the ALJ applied the appropriate standard by considering all the evidence before him, the proper remedy is reversal and remand.")).

[26] Defendant's Objection to the Report and Recommendation of the Magistrate Judge ("Objection"), docket no. 36, filed December 11, 2015.